# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

Lyle W. Cayce
Clerk

No. 09-41094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO AYALA-TELLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-366-2

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sergio Ayala-Tello pleaded guilty without the benefit of a plea agreement to possession with intent to distribute less than 100 kilograms of marijuana. Ayala-Tello was indicted for possessing more than 100 kilograms, but the Government stipulated to an amount between 90 and 100 kilograms. Ayala-Tello sought an offense level reduction as a minor participant and a downward departure based on his assertion that he agreed to smuggle the marijuana because of "the physical hazards and risks associated with prolonged exposure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the elements" he would have encountered had he chosen to wait rather than participate in the offense. The district court, after hearing argument, denied the requests and sentenced Ayala-Tello to 44 months in prison.

Ayala-Tello argues that the district court clearly erred in failing to grant a reduction for his minor role in the offense. He contends that his presence was peripheral to the drug transporting because he was "just along for the ride." A U.S.S.G. § 3B1.2 reduction applies only when a defendant is substantially less culpable than the average participant. *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005); *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Whether the defendant is a minor participant is a factual determination that is reviewed for clear error. *Villanueva*, 408 F.3d at 203. Ayala-Tello's argument that he was simply along for the ride is in direct conflict with his statement at the time of his guilty plea that he knew the marijuana was present and that he was to be paid for transporting it within the United States. His argument on appeal is also in direct conflict with his objection to the presentence report in which he asserted that he agreed to "assist" in the transportation of the bundles of marijuana. The district court did not clearly err in denying him a role adjustment under § 3B1.2. *See Villanueva*, 408 F.3d at 203 & n.9.

Ayala-Tello argues that the district court erred in failing to grant a downward sentencing departure based on his assertion that he was coerced into joining the marijuana transportation scheme by the exigencies of being stranded between the Rio Grande River and the ship channel. This court generally lacks the jurisdiction to review a district court's refusal to depart downwardly from the guidelines sentencing range. *United States v. Hernandez*, 457 F.3d 416, 424 (5th Cir. 2006). The jurisdictional bar applies even where the district court summarily denies a request for a downward departure or implicitly denies the request by imposing a within-guidelines sentence. *Id.* This court, however, does have the authority to review the denial of a motion to downwardly depart where

the district court "'held a mistaken belief that the Guidelines do not give it the authority to depart.'" *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir.), *cert. denied*, 129 S. Ct. 116 (2008) (*quoting United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006)). Ayala-Tello does not argue and nothing in the record indicates that the district court believed it lacked the authority to grant the request for a downward sentencing departure. Accordingly, this court lacks jurisdiction to review the district court's denial of the motion for a downward departure. *See Lucas*, 516 F.3d at 350.

To the extent that Ayala-Tello argues that the district court abused its discretion by not reducing his sentence pursuant to 18 U.S.C. § 3553(a) based on "his subjective point of view," his argument is unavailing. Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors set forth in § 3553(a). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). This court's precedent makes it clear that "a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *see also United States v. Rita*, 551 U.S. 338, 358 (2007). Ayala-Tello's argument is no more than a disagreement with the district court's balancing of the § 3553(a) factors and the aptness of the sentence imposed. This disagreement does not show error in connection with his sentence, nor does it show that the sentence imposed was not "reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quotation marks omitted).

AFFIRMED.